In re Samuel R. PIERCE, Jr. (Battle Fowler Fee Application).

Division No. 89–5.

United States Court of Appeals, District of Columbia Circuit.

Filed June 27, 2000.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

# ORDER

PER CURIAM:

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of the law firm of Battle Fowler for reimbursement of attorneys' fees and costs pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DE-CREED** that the petition of Battle Fowler for attorneys' fees it incurred during the investigation by Independent Counsels Arlin M. Adams and Larry D. Thompson be denied.

## ON APPLICATION FOR ATTORNEYS' FEES

The law firm of Battle Fowler petitions this court under Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $373,004.48 that it incurred during and as a result of the investigation conducted by Independent Counsels ("IC") Arlin M. Adams and Larry D. Thompson. Because we conclude that the petition was filed inexcusably late, we deny the petition in its entirety.

In 1981 Samuel R. Pierce, Jr. began an eight year term as Secretary of the U.S. Department of Housing and Urban Development ("HUD"). Prior to his appointment, Pierce was a senior partner at the law firm of Battle Fowler, the fee petitioner here.

In 1988, an audit by HUD's Inspector General triggered congressional investigations into abuses, favoritism, and mismanagement at HUD during the 1980s under Pierce's tenure. Based on information elicited during the congressional investiga-

tions, the House Judiciary Committee wrote to Attorney General Richard Thornburgh seeking the appointment of an independent counsel to investigate the matter. Following a preliminary investigation, Attorney General Thornburgh applied to this court for appointment of an independent counsel. On March 1, 1990, we appointed former United States Circuit Judge Arlin Adams[1] as independent counsel "to investigate ... whether Samuel R. Pierce, Jr., and other [HUD] officials may have committed the crime of conspiracy to defraud the United States or any other Federal crimes ... relating to the administration of the selection process of the Department's Moderate Rehabilitation Program from 1984 through 1988." Order Appointing Independent Counsel, March 1, 1990. The IC's mandate was expanded several times thereafter, including an expansion to investigate any dealings among Pierce and Battle Fowler during this same time period.

The IC conducted a comprehensive investigation ultimately confirming a widespread pattern of corruption at HUD during Pierce's tenure. Although the IC announced on January 11, 1995, that he would not seek indictment of Pierce, during the course of the investigation seventeen (17) other persons were charged with and convicted of federal crimes as a result of the IC's investigation. That investigation and the indictments ranged well beyond the core facts of the original application for appointment of independent counsel. Of particular reference to the petitioner before us, the IC conducted a thorough investigation of the contacts between Pierce and Battle Fowler. In the end, the IC "concluded that none of these contacts warranted further criminal investigation or prosecution." *See* 1 Arlin M. Adams & Larry D. Thompson, Final Report of the Independent Counsel in Re: Samuel R. Pierce, Jr. 40 (1998) ("Final Report").

On April 17, 1998, after having received preliminary filing of the Final Report of the Independent Counsel, this court ordered that the contents of that report be made available to each individual named therein, pursuant to 28 U.S.C. § 594(h)(2), and provided that each individual who so desired could submit to the court comments or factual information by August 18, 1998. The court further ordered that those individuals who were entitled to the reimbursement of attorneys' fees under 28 U.S.C. § 593(f) should file petitions for such fees no later than November 16, 1998. Various individuals made such filings. On November 10, 1999, Battle Fowler filed a petition which we now consider, alleging that it had been a subject of the investigation and had incurred fees and expenses by reason thereof in the total amount of $373,004.48.

*Timeliness of Petition.* On April 17, 1998, we issued an order in this matter stating, *inter alia,* that attorneys' fees petitions were to be filed "with the Court *no later* than November 16, 1998." *In re Pierce,* Div. No. 89–5 (D.C.Cir., Spec. Div., Apr. 17, 1998) (order) (emphasis added). Upon its issuance, the order was forwarded to the fee petitioner. Nonetheless, the present fee petition was not filed until November 10, 1999, almost one year after the due date. No excuse was offered to show justifiable tardiness.

The petition by the law firm of Battle Fowler for reimbursement of attorneys' fees is therefore denied.

---

**1.** Independent Counsel Adams resigned in May of 1995. This court appointed his deputy, Larry D. Thompson of the Atlanta bar, to succeed him.